```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TODD RANDOLPH PRITCHETT,<br><br>        Plaintiff,<br><br>   v.<br><br>WARDEN DAVID OWENS,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-08551 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Todd Randolph Pritchett, Plaintiff Pro Se
#4323771
Camden County Correctional Facility
PO Box 90431
Camden, New Jersey 08102

**SIMANDLE, Chief District Judge:**

## I.   INTRODUCTION

Plaintiff Todd Randolph Pritchett, a prisoner confined at Camden County Correctional Facility ("CCCF"), seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the CCCF warden, David Owens. Complaint, Docket Entry 1.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the

complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II. BACKGROUND

Plaintiff seeks relief for allegedly unconstitutional conditions of confinement during his detention in the CCCF. He states he has been detained in CCCF since August 15, 2016 and slept on the floor until just before filing the complaint in November 2016. Complaint ¶ 6. The sleeping arrangements allegedly caused back soreness. *Id.* Plaintiff asserts he also has been sick and has been to medical more "2 or three times for being ill!" *Id.*

## III. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and 42 U.S.C. § 1997e because Plaintiff is a prisoner proceeding *in forma pauperis* and is filing a claim about the conditions of his confinement.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to

show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

Plaintiff raises claims of unconstitutional conditions of confinement. Accepting the allegations in the complaint as true for purposes of screening only, the fact that Plaintiff slept on the floor for roughly three months does not in and of itself violate the Due Process Clause of the Fourteenth Amendment. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting that requiring pretrial detainees to sleep on a mattress on the floor of cells for a period of three to seven months did not violate Fourteenth Amendment due process rights). "[T]he Constitution does not mandate comfortable prisons[.]" *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). The Due Process Clause is only violated when the totality of the conditions "cause[s] inmates to endure

3

such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." *Id.* (internal citation and quotation marks omitted). The present complaint does not allege sufficient facts to support a reasonable inference that the conditions at CCCF were punitive in nature. As Plaintiff may be able to allege facts that would support a due process claim, however, he shall be given leave to amend his complaint.

In the event Plaintiff elects to amend his complaint, he must also allege facts indicating Warden Owens had personal involvement in the conditions of confinement. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.* Plaintiff must plead specific facts regarding Warden Owens' responsibility for the conditions Plaintiff endured.

As Plaintiff may be able to amend the Complaint to address the deficiencies noted by the Court, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the

date of this order.[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

**V.   CONCLUSION**

For the reasons stated above, the complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.


**March 8, 2017**          **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                  Chief U.S. District Judge

---

[1] The amended complaint shall be subject to screening prior to service.

5